UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN FITZGERALD MESCALL,<br><br>        Plaintiff,<br><br>  -against-<br><br>U.S. DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF PRISONS; MERRICK GARLAND, U.S. Attorney General; MAGALY COSME, Bronx Community Reentry Center Director; JESSICA ORTIZ, Bronx Community Reentry Center Case Manager; UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | 22-CV-8348 (JPO)<br><br>ORDER OF SERVICE |

J. PAUL OETKEN, United States District Judge:

  Plaintiff, who has been released by the United States Bureau of Prisons (BOP) to home confinement and is appearing *pro se*, brings this action seeking injunctive relief in connection with his monitoring on home confinement. By order dated October 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

### A. Claim for Habeas Relief

  Plaintiff seeks release from home confinement to post-release supervision. A claim that affects the fact or duration of confinement must be brought in a petition for a writ of *habeas corpus* – not a civil rights action. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of habeas corpus is the sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement); *Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006). Because Plaintiff's claim that

he is entitled to release to post-release supervision affects the fact or duration of his confinement, he cannot pursue this claim in a civil rights action.

The Court declines, however, to recharacterize this action, in part, as a petition for a writ of *habeas corpus* because Plaintiff already has a pending *habeas* petition under 28 U.S.C. § 2241, in which he makes the same argument that he makes here: that based on his earned credits under the First Step Act, he is entitled to release to post-release supervision. *Mescall v. GEO RRM Residential Coordinator Halfway House Treatment Center*, No. 22-CV-02023 (E.D.N.Y.).  In light of the fact that Plaintiff cannot pursue his claim for release to post-release supervision in this civil rights action, and that this claim is already pending in his Section 2241 petition in the Eastern District of New York, the Court dismisses without prejudice Plaintiff's claim seeking release to post-release supervision.

**B.      Service on Named Defendants**

By application received on October 4, 2022, Plaintiff moved to amend the caption of his complaint to add the New York Residential Reentry Management (RRM) field office as a defendant (ECF 3). The Court grants Plaintiff's application and directs the Clerk of Court to add the BOP RRM field office in New York as a defendant.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on the federal defendants (the United States Department of Justice (DOJ); BOP; United States Attorney General; the United States of America; and the BOP RRM field office in New York) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. As to these defendants, the Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the United States.

To allow Plaintiff to effect service on the remaining defendants (Jessica Ortiz and Magaly Cosme, employed at the Bronx Community Reentry Center operated by the GEO Group, Inc.) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a USM-285 form for each defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claim seeking *habeas* relief because the same claim is already pending in *Mescall v. GEO RRM Residential Coordinator Halfway House Treatment Center*, No. 22-CV-02023 (E.D.N.Y.). The Court grants Plaintiff's motion (ECF 3) and directs the Clerk of Court to add the Residential Reentry Management field office in New York to the docket as a defendant.

The Court further directs the Clerk of Court to: (1) issue summonses for all defendants, (2) complete USM-285 forms with the service addresses for all defendants, (3) for the federal defendants (the United States DOJ and BOP, United States Attorney General, the United States, and the BOP RRM field office) mark the box on the USM-285 forms labeled "Check for service on U.S.A.," and (4) deliver to the U.S. Marshals Service all documents necessary to effect service of summonses and the complaint on all defendants.

The Clerk of Court is further directed to issue an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 9, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. U.S. Bureau of Prisons
   320 First St. NW
   Washington, DC 20534

2. U.S. Department of Justice
   950 Pennsylvania Avenue
   Washington, D.C. 20530

3. U.S. Attorney General Merrick Garland
   U.S. Department of Justice
   950 Pennsylvania Avenue
   Washington, D.C. 20530

4. United States of America
   U.S. Attorney General Merrick Garland
   U.S. Department of Justice
   950 Pennsylvania Avenue
   Washington, D.C. 20530

5. Cosme Magley, Director
   Bronx Community Reentry Center
   2534 Creston Avenue
   Bronx, NY 10468

6. Jessica Ortiz, Case Manager
   Bronx Community Reentry Center
   2534 Creston Avenue
   Bronx, NY 10468

7. BOP Residential Reentry Management field office
   201 Varick Street, Room 849
   New York, NY  10014